United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41508
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JERRY W. GORE,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-232-2
---------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jerry W. Gore appeals his sentence following his guilty-plea
to conspiracy to possess with intent to distribute 500 grams or
more of methamphetamine.  The district court calculated Gore's
base offense level based on relevant conduct involving more
potent methamphetamine "ice" rather ordinary methamphetamine and
on Gore's role as a leader of the conspiracy.  The court
overruled Gore's objection that two prior convictions counted in
his criminal history were more than 10 years old when Gore joined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the conspiracy. Gore argues that the district court's factual findings violated the Sixth Amendment and United States v. Booker, 125 S. Ct. 738 (2005), because Gore did not admit the facts used to increase his sentence.

Booker, 125 S. Ct. at 756, held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker also rendered the federal sentencing guidelines advisory only. Id. at 756-57, 764-65.

Gore expressly objected in the district court based on the Sixth Amendment and Blakely v. Washington, 124 S. Ct. 2531 (2004), arguing that he should be sentenced based only on the facts to which he had pleaded or admitted. Gore thus adequately preserved his claim of a Sixth Amendment violation. See United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005).

Gore's 327-month sentence exceeded the maximum sentence that could have been imposed based solely on his plea and constituted a Sixth Amendment violation under Booker. See Booker, 125 S. Ct. at 769. Because Gore preserved the error, we will vacate the sentence and remand, unless we can say that the error is harmless under Fed. R. Crim. P. 52(a). United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Under this standard, the Government bears

the burden of demonstrating beyond a reasonable doubt that the constitutional error did not contribute to the defendant's sentence. Akpan, 407 F.3d at 377. The Government concedes that it cannot bear its burden and points to no record evidence that would prove beyond a reasonable doubt that the district court would not have sentenced Gore differently had it acted under advisory guidelines. Accordingly, Gore's sentence must be vacated and remanded for resentencing.

Because we vacate Gore's entire sentence, we do not address reach of his specific claims of sentencing errors but leave to the district court's discretion the sentence it will impose and factors upon which it will rely. See Akpan, 407 F.3d at 377 n.62.

Gore does not challenge his conviction; it is affirmed. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed are waived on appeal).

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.